**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

          Plaintiff,

                                        No. 19-CR-1091 MV

      v.

PETER GOMEZ,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Peter Gomez's Motion to Sever.  Doc. 55.  The government filed a response in opposition [Doc. 58] and Mr. Gomez filed a reply [Doc. 70].  The Court then ordered the government to produce statements with proposed redactions for in camera review pursuant to Rule 14(b) of the Federal Rules of Criminal Procedure [Doc. 79] which the government has now done [Doc. 81].  After reviewing the government's proposed evidence in camera and considering the briefs, exhibits, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

On April 9, 2019, Mr. Gomez was charged alongside co-defendant Amadeo Sanchez in a seven-count indictment charging, among other things, Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 18 U.S.C. §§ 2 and 841(a)(1) and (b)(1)(A); Possession with Intent to Distribute 100 Grams and More of a Mixture and Substance Containing a Detectable Amount of Heroin, in violation of 18 U.S.C. §§ 2 and 841(a)(1) and (b)(1)(B); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 2 and 924(c). *See* Doc. 2.

On March 30, 2020, Mr. Gomez filed the instant Motion to Sever.  *See* Doc. 55.  In it, he asks the Court to sever his trial from that of Mr. Sanchez because Mr. Sanchez made a statement to the Federal Bureau of Investigation (FBI) that facially incriminates him and that would accordingly violate the rule of *Bruton v. United States*, 391 U.S. 123 (1968), if introduced at a joint trial.  *See id.* at 1–3.  According to an FBI report attached as Exhibit A to Mr. Gomez's reply, on September 26, 2018, Mr. Sanchez told FBI Special Agent (SA) Jennifer Olsen, Task Force Officer (TFO) Matthew Hoisington, and Probation Officer Wes Hatley that Mr. Gomez was "the guy;" that Mr. Gomez did drug deals in his bedroom in a residence in Corrales, New Mexico; that Mr. Gomez lived in Bernalillo prior to moving to Corrales; that Mr. Gomez was going through a hard time; and that the individual believed to be Mr. Gomez's heroin supplier drove a red Ford Expedition.  *See* Doc. 70 Ex. A at 1.  According to the report, the only statements Mr. Sanchez made that did not reference Mr. Gomez were that he (Mr. Sanchez) was in the possession of two handguns and that he was a drug user.  *See id.* at 2.  In response to Mr. Gomez's motion, the government represented that it would "proceed by redaction" to avoid any potential *Bruton* issues and would instruct its witnesses to omit any references to Mr. Gomez when testifying about the statement.  *See* Doc. 58 at 4.  Mr. Gomez replied that redaction would be impracticable because Mr. Sanchez's statement is "so inextricably tied up with incriminating statements against Mr. Gomez that a redacted version would leave nothing behind."  *See* Doc. 70 at 2.

Exercising its authority under Rule 14(b) of the Federal Rules of Criminal Procedure, the Court then ordered the government to deliver for in camera inspection written proffers of the testimony of any potential witnesses from whom it intends to elicit testimony about any statements made by Mr. Sanchez that reference Mr. Gomez, including Mr. Sanchez's September 26, 2018 statement to the FBI.  *See* Doc. 79 at 2.  The Court also ordered that the proffers include the

omissions and/or redactions that the government proposes to use to avoid any *Bruton* issues at trial. *Id*. On May 28, 2020, the government submitted its proposed evidence to the Court. *See* Doc. 81.

Having reviewed the government's proposed evidence in camera, the Court now finds that there are no longer any *Bruton* issues requiring the severance of Mr. Gomez's trial. Rule 14 of the Federal Rules of Criminal Procedure authorizes a court to sever a defendant's trial where a joint trial would cause him "prejudice." *See* Fed. R. Crim. P. 14(a). Prejudice under Rule 14 is defined as "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A *Bruton* issue implicating a defendant's Sixth Amendment right to confront witnesses against him is a potential source of prejudice warranting severance under the Rule. *See Zafiro*, 506 U.S. at 539 (citing *Bruton*, 391 U.S. at 123). However, a *Bruton* issue exists only when the government seeks to introduce the statement of a non-testifying co-defendant that is "facially incriminating" to the defendant. *See Richardson v. Marsh*, 481 U.S. 200, 207 (1987). Where the statement in question is redacted to omit any references to the defendant's name or existence, the defendant no longer has a Sixth Amendment claim under *Bruton*. *See Richardson*, 481 U.S. at 211.

The Court finds that the government's proposed redactions satisfy *Bruton* and eliminate any Confrontation Clause concerns. The redactions omit the entire portion of Mr. Sanchez's statement that discusses Mr. Gomez, leaving only Mr. Sanchez's *self*-incriminating statements about possessing guns and using drugs. *See* Doc. 81. Redacted as such, the statement no longer facially incriminates Mr. Gomez or otherwise acknowledges his existence. *See Richardson*, 481 U.S. at 211. It therefore no longer creates a source of prejudice justifying severance under Rule

14.  *See* Fed. Crim. P. 14(a).  Because the government represents that it is not aware of any other statements by Mr. Sanchez giving rise to *Bruton* concerns [Doc. 81 at 2], and because Mr. Gomez has not raised any other grounds for severance [*see generally* Doc. 55], his motion will be denied.

## CONCLUSION

For the reasons started above, Mr. Gomez's Motion to Sever [Doc. 55] is hereby **DENIED**. ENTERED this 1st day of June, 2020.


_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE