IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                 No. 19 CR 1091 MV

PETER GOMEZ

    Defendant.

## DEFENDANT PETER GOMEZ' RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO INTRODUCE CO-CONSPIRATOR STATEMENTS (DOC. 51)

Before admitting co-conspirator hearsay evidence as non-hearsay under Rule 801(d)(2)(E), the trial court must find that (1) the conspiracy is proven by preponderance of the evidence; (2) the declarant and defendant were both members of conspiracy; and (3) the statements were made in the course and furtherance of the conspiracy. *United States v. Johnson*, 4 F.3d 904 (10th Cir. 1993), cert. denied 114 S.Ct. 1081, cert. denied 114 S.Ct. 1082. The government is required to satisfy this burden before such out-of-court statements by a co-conspirator are admissible because out-of-court statements are generally presumed to be unreliable, unless such presumption is adequately rebutted by sufficient proof. *See Bourjaily v. United States*, 483 U.S. 171, 179 (1987).

### 1. *There is insufficient independent evidence to support a preliminary or ultimate finding that Mr. Gomez was a member of a conspiracy.*

The Court may consider the co-conspirator statement itself when making the initial

determination about admissibility. *Bourjaily,* 483 U.S. at 181. However, most courts, including the Tenth, Ninth, Eighth, Seventh, and Second Circuits, require reliable corroborating evidence in addition to the co-conspirator's statement. *United States v. Rascon,* 8 F.3d 1537, 1540–41 (10th Cir. 1993). The Rule 801 itself clearly states that the proffered statement "does not by itself establish . . . the existence of the conspiracy or participation in it." Independent evidence of a person's membership in a conspiracy must be "evidence other than the proffered statements themselves." *United States v. Lopez-Gutierrez,* 83 F.3d 1235, 1242 (10th Cir. 1996) (quotation omitted).

The government has suggested that the indictment or D.S.'s guilty plea to conspiracy could be such independent evidence. The grand jury proceedings, however, are a black box and there is no way for the Court to weigh the strength of the evidence as opposed to the grand jury's conclusion. Evidence at the grand jury presentation need not have been admissible at trial. The evidence before the grand jury may have included a variation of the proffered statements by D.S. Like D.S.'s admissions at the time of her guilty plea, those statements are not independent evidence of Mr. Gomez' membership in a conspiracy, but merely repetitions of the same allegations the government expects D.S. to make at trial.

2. *The Court has already limited the admissibility of facially incriminating statements by Mr. Sanchez about Mr. Gomez.*

This Court has already ruled that statements made by Mr. Sanchez may be admitted only subject to redaction of all remarks facially incriminating to Mr. Gomez, unless Mr. Sanchez makes himself available for cross-examination. *See* Memorandum Opinion and

Order Denying Motion to Sever (doc. 82). The government may not sidestep the Court's restriction on the use of Mr. Sanchez' statements incriminating to Mr. Gomez by introducing them second-hand, through a third alleged co-conspirator.

If the government intends to introduce Mr. Gomez' statements to Mr. Sanchez, as related by Mr. Sanchez to D.S., then those statements are hearsay within non-hearsay. *See United States v. Dotson*, 821 F.2d 1034, 1035 (5th Cir. 1987) ("For purposes of the hearsay-within-hearsay principle expressed in rule 805, 'non-hearsay' statements under rule 801(d), such as prior consistent statements, should be considered in analyzing a multiple-hearsay statement as the equivalent of a level of the combined statements 'that conforms with an exception to the hearsay rule.'"). Those statements do not fit within the exception to hearsay expressed in Rule 801, which is based on the "fiction" of the agency theory of conspiracy. *See* Rule 801, Note to Subdivision (d)(2)(E). A second-hand account of a co-conspirator's statement carries with it the same risk of unreliability against which the hearsay rule protects.

### 3. *The Court should reserve any ruling on the government's motion to introduce co-conspirator statements until the government has made a proffer sufficient to allow consideration of whether the government can meet its burden under Rule 801.*

The government has not disclosed the substance of D.S.'s proposed testimony in a way that would permit defense counsel or the Court to meaningfully consider whether those statements meet the requirements of Rule 801(d)(2)(E). Without a detailed proffer of the substance of and circumstances around those statements it is impossible to determine, for

example, whether the statements were made during the period when the conspiracy was alleged to have been active, or whether the statements truly were made in furtherance of the alleged conspiracy. *See, e.g., United States v. Anthony Ray Baca, et al.*, 16-CR-1613 JB, docs. 744 and 1027.

Although the Court may conditionally admit statements prior to trial, the risk that the government will not ultimately meet its burden is too great to run. The proffered statements are central to the government's case against Mr. Gomez and the only direct evidence against him. Mr. Gomez, unlike D.S. and Mr. Sanchez, has not already implicated himself in the Sanchez' conspiracy. As the government points out, any physical evidence discovered during agents' search of the Sanchez' house implicates Mr. Gomez only because it was found in the same room where he happened temporarily to be staying. If D.S.'s proffered statement is conditionally admitted prior to trial and the government later fails to meet its burden, the result will a mistrial.

For the forgoing reasons, Mr. Gomez requests that the Court deny the government's motion or, in the alternative, require that the government provide a more detailed proffer of D.S.'s statements, so that the parties can more carefully consider whether each allegations meets the requirements of Rule 801.

Respectfully Submitted,
FEDERAL PUBLIC DEFENDER
111 Lomas Blvd NW, Suite 501
Albuquerque, New Mexico 87102
(505) 346-2489
Fax (505) 346-2494

/s/ Hans P. Erickson
Assistant Federal Public Defender
Attorney for Peter Gomez